## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ALEX YONATAN MERIDA LOPEZ,

      Petitioner,

    v.                               Case No. 1:26-cv-00663-KWR-JMR

MARKWAYNE MULLIN, *in his official capacity as*
*Secretary of the Department of Homeland Security*,
TODD BLANCHE, *in his official capacity as*
*Attorney General of the United States*,
TODD M. LYONS, *in his official capacity as*
*Acting Director and Senior Official Performing the Duties*
*of the Director of U.S. Immigration and Customs Enforcement*,
MARY DE ANDA-YBARRA, *in her official capacity as*
*Field Office Director of the El Paso Field Office of U.S. Immigration*
*and Customs Enforcement, Enforcement and Removal Operations*, and
JOHN DOE, *in his official capacity as Warden of the ERO El Paso Camp,*
*East Montana Facility*,

      Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Petitioner Alex Yonatan Merida Lopez's

Petition for Writ of Habeas Corpus (Doc. 1) and Respondents' Response (Doc. 12). Respondents

provided the Court an update that an immigration judge had granted Petitioner's request for

voluntary departure. Doc. 13-2 at 2 (Voluntary Departure Order). Petitioner was ordered to depart

by June 1, 2026, and if he failed to depart by that date, "an alternate order of removal" to Guatemala

would immediately take effect. *Id.* Petitioner waived his right to appeal the order of the

immigration judge. *Id.* at 4. Petitioner did not depart by June 1, 2026, and therefore, he is now

mandatorily detained pursuant to 8 U.S.C. § 1231.

Having reviewed the parties' pleadings, exhibits, and the relevant law, the Court finds that the Petition is not well-taken, and therefore, is **DISMISSED without prejudice**.

**BACKGROUND**

Petitioner, a citizen of Guatemala, is detained at the Cibola County Correctional Center in Milan, New Mexico. Doc. 5 at 1 (Motion to Transfer Venue). Petitioner entered the United States as a minor on July 11, 2016. Doc. 1 ¶ 2 (Petition). Although Petitioner provided conflicting statements about whether he entered at a designated port of entry, *see* Doc. 12-1 at 2 (Form I-213), it appears that Petitioner was apprehended while attempting to enter the United States through the Bridges of America Port of Entry in El Paso, Texas. *Id.*; *see also* Doc. 1 ¶ 11; Doc. 1-1 at 2 (July 12, 2016 NTA). After being apprehended, Petitioner was "served a Notice to Appear, Form I-862 and paroled" into the United States. Doc. 12-1 at 2. Petitioner's Notices to Appear mark him as an "arriving alien" and not as an alien present in the United States who has not been admitted or paroled. *See* Doc. 1-1 at 2 (July 12, 2026 NTA); Doc. 12-2 at 1 (October 19, 2020 NTA).

On October 19, 2020, Petitioner was served a second Notice to Appear for Immigration and Nationality Act ("INA") section 240 removal proceedings on November 24, 2020. Doc. 12-2 at 1–2. A signed warrant for Petitioner's arrest was issued on June 22, 2025. Doc. 12-3 at 1 (Form I-200). On July 11, 2025, Petitioner was arrested and taken into custody by Immigration and Customs Enforcement ("ICE"). Doc. 1 ¶ 13. He was originally detained in El Paso, Texas, before being transferred to Cibola County Correctional Center in Milan, New Mexico. *Id.* ¶ 25; Doc. 5 ¶ 1.

On September 5, 2025, the Board of Immigration Appeals ("BIA") issued a decision holding that immigration judges lacked authority or jurisdiction to consider bond requests for any person who entered the United States without admission. *Matter of Yajure Hurtado*, 29 I. & N.

Dec. 216, 225 (B.I.A. 2025) ("Immigration Judges lack authority to hear bond requests or to grant bond to aliens . . . who are present in the United States without admission."). Petitioner requested a custody redetermination pursuant to 8 C.F.R. § 1236, and on February 9, 2026, an immigration judge denied the request for lack of jurisdiction. Doc. 1-1 at 8 (Order of Immigration Judge). In light of *Hurtado*, Petitioner has remained in custody without an opportunity to post bond or request conditional release because his detention has been classified as mandatory under § 1225(b)(2)(A).

On May 1, 2026, an immigration judge granted Petitioner's request to voluntarily depart the United States. Doc. 13-1 at 1–4. His prior asylum application and withholding of removal orders were withdrawn. *Id.* at 1. Petitioner was given until June 1, 2026, to depart. *Id.* at 2. If he failed to depart by that date, an alternate order of removal to Guatemala would immediately take effect. *Id.* Petitioner waived his right to appeal the immigration judge's order. *Id.* at 4.

## LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). A federal court may grant a writ of habeas corpus to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A challenge to immigration detention is "properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## DISCUSSION

Petitioner alleges violations of the INA, due process, the Administrative Procedure Act, equal protection, the Suspension Clause, and the *Accardi* doctrine. Doc. 1 at 23–39. However, due to the immigration judge's order granting Petitioner voluntary departure and his failure to depart

by the required date, Petitioner is now mandatorily detained pursuant to 8 U.S.C. § 1231. As such, the Court dismisses the Petition without prejudice.

An immigration detainee "in custody in violation of the Constitution or laws or treaties of the United States" may seek habeas relief. § 2241(c)(3). Pursuant to the INA, Respondents must remove a noncitizen within a 90-day removal period. 8 U.S.C. § 1231(a)(1)(A). During the 90-day removal period, the noncitizen must be detained. *Id.* § 1231(a)(2). The removal period begins when the removal order "becomes administratively final." *Id.* § 1231(a)(1)(B)(i). A removal order becomes "administratively final" when the order has been affirmed by the BIA or the time for seeking review has expired. 8 U.S.C. § 1101(a)(47)(B); *Riley v. Bondi*, 606 U.S. 259, 267 (2025). Detention is mandatory during the removal period. 8 U.S.C. § 1231(a)(2)(A).

Petitioner did not depart the United States by June 1, 2026. *See* ICE Detainee Locator, https://locator.ice.gov/odls/#/results (last visited June 3, 2026). As such, he is now detained subject to the alternate order of removal to Guatemala. *See* Doc. 13-2 at 2. Petitioner waived his right to appeal the immigration judge's order, rendering the removal order administratively final. *Id.* at 4; *see also* § 1231(a)(1)(B); 8 C.F.R. § 1241.1(b) (explaining that an order of removal shall become final "[u]pon waiver of appeal by the respondent"). Thus, Petitioner is now mandatorily detained pursuant to § 1231.

The text of the statute is clear: "the Attorney General shall detain" the noncitizen during the 90-day removal period. 8 U.S.C. § 1231(a)(2)(A). This 90-day period requires Petitioner's detention, and the Supreme Court has found that a noncitizen may be detained during the limited period necessary for their removal proceedings. *See Demore v. Kim*, 538 U.S. 510, 526 (2003) (noting the "Court's longstanding view that the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings"). Petitioner

4

must be detained during this 90-day removal period. § 1231(a)(2)(A). Thus, the Court finds that Petitioner is mandatorily detained pursuant to § 1231 and that his detention is not prolonged enough to implicate a due process inquiry under *Zadvydas*.

Accordingly, given the switch in detention authority, the Court dismisses the Petition without prejudice. This dismissal does not preclude Petitioner from re-filing at a later date should his detention become prolonged and implicate his due process rights.

<b>CONCLUSION</b>

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 1) is **DISMISSED without prejudice** for the reasons described in this Memorandum Opinion and Order.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE
